UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HCDL HOLDINGS, LLC,

    Plaintiff,

v.                                                            Case No: 6:17-cv-62-Orl-40TBS

TKCT, LLC, TKCT MILFORD, LLC,
ARTHUR DIADAMO, PETER DIADAMO
and JOE AMODIO,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Response (Doc. 12) to the Court's Order to Show Cause why this case should not be dismissed for lack of jurisdiction (Doc. 11). Plaintiff brings this two count state law breach of contract action against certain limited liability companies and individuals (Doc. 1). Although joined in one suit, Plaintiff brings two claims, based on two different contracts (plus related guarantees) with two different LLC's. Plaintiff alleges that the Court has subject matter jurisdiction over both claims based on 28 U.S.C. § 1332, diversity of citizenship. (Id. ¶ 9). For the reasons that follow, I find that the claims are improperly joined and recommend that Count One be severed from this action, and dismissed for lack of jurisdiction.

### Discussion

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Federal jurisdiction pursuant to 28 U.S.C. § 1332

exists only when there is complete diversity between the plaintiffs and the defendants, and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. Id. Parties cannot consent to federal subject matter jurisdiction; it is a question of law for the Court to decide. "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction." Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).

Applied here, Plaintiff alleges that in December 2011, Defendant TKCT, LLC obtained financing from Rx Financial Corp. to equip its Tilted Kilt restaurant (Doc. 1, ¶12). In October 2013, a different entity - TKCT Milford, LLC – also obtained financing from Rx Financial Corp. to equip its Tilted Kilt restaurant (Id., ¶14). Copies of the financing agreements are attached to the complaint (Docs. 1-1 and 1-3). Rx Financial Corp. assigned all of interest in both agreements to Plaintiff (Id., ¶16). The last time TKCT made a finance payment was on April 26, 2014, and the last time TKCT Milford made a finance payment was April 30, 2014 (Id., ¶¶17, 18). Count I is a breach of contract claim against TKCT and its guarantors and Count II is a breach of contract claim against TKCT Milford and its guarantors.

Because Plaintiff did not sufficiently plead the citizenship of each member of the LLC's and did not set forth a basis for joinder of these claims and a showing as to the amount in controversy for each claim, the Court ordered Plaintiff to show cause why the action should not be dismissed (Doc. 11). In its response to the show cause Order, Plaintiff adequately set forth the diverse citizenship of Plaintiff and Defendants. As for the

amount in controversy, Plaintiff acknowledges that the amount owed by TKCT in Count I is below the jurisdictional requirement, but contends that the Court has supplemental jurisdiction over Count I as the amount in controversy for Count II well exceeds $75,000. Plaintiff argues that these counts are properly joined as questions of fact and law are common to all parties (because the loan documents are "in all essential respects, similar to each other"), and because the causes arise out of a series of transactions or occurrences. I do not agree.

> Rule 20, Federal Rules of Civil Procedure, provides:
>
> (a) Persons Who May Join or Be Joined.
>
> * * *
>
> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20. "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. District courts enjoy broad discretion to sever parties based on misjoinder. Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1323 (11th Cir.2000), overruled on other grounds Manders v. Lee, 338 F.3d 1304 (11th Cir.2003); Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir.2002) ("The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.").

> In determining whether claims arise from the same series of transactions or occurrences, the logical relationship test is

> applied. See Smith v. Trans-Siberian Orchestra, 728 F.Supp.2d 1315, 1319 (M.D.Fla.2010) (citing Republic Health Corp. v. Lifemark Hosps. of Fla., 755 F.2d 1453, 1455 (11th Cir.1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Id. (citing Republic Health, 755 F.2d at 1455).

Barber v. Am.'s Wholesale Lender, 289 F.R.D. 364, 367 (M.D. Fla. 2013). "Although the logical relationship standard is loose, similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts." Kennedy v. Skyview Plaza, LLC, No. 6:16CV2128-ORL22KRS, 2017 WL 603001, at *2 (M.D. Fla. Jan. 26, 2017), report and recommendation adopted, 2017 WL 589196 (M.D. Fla. Feb. 14, 2017).

Here, while the loan documents are indeed, "similar," the terms of the loans are not. The amounts loaned are not the same, nor are the payment amounts and payment dates. The debtors are distinct legal entities and the collateral, and amounts owed due to the alleged breaches, are different. Thus, it cannot be said that these claims rest on the same set of facts. See Barber, supra ("each individual loan made by a Defendant to a Plaintiff was a separate 'transaction' or 'occurrence.'"). Put simply, Plaintiff seeks to bootstrap one claim against one entity, properly before this Court under diversity jurisdiction, with another claim against a different entity, which does not meet the requirements for the exercise of diversity jurisdiction. The District Court should sever Count I, and dismiss it, without prejudice to pursuit of the claim in a forum with jurisdiction over the matter.

### Recommendation

Upon consideration of the foregoing, it is **respectfully recommended** that the District Court sever Count I, as improperly joined, and dismiss it for lack of jurisdiction. The dismissal should be without prejudice to pursuit of the claim in the appropriate forum.

Upon dismissal, the matter should proceed solely on Count II.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record
> Any Unrepresented Parties