UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HCDL HOLDINGS, LLC,

       Plaintiff,

v.                                                    Case No:   6:17-cv-62-Orl-40TBS

TKCT MILFORD, LLC, PETER DIADAMO
and JOE AMODIO,

       Defendants.

_____

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), and based on my review of the record and the representations of counsel for Plaintiff, I certify the following facts to the district judge:

(1) On October 10, 2017, the district judge entered default judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $130,746.62 (Doc. 38).

(2) On August 1, 2018, Plaintiff served requests for production in aid of execution on Defendants Arthur DiAdamo, Peter DiAdamo and Joe Amodio (Doc. 53, ¶ 1).

(3) Defendants Arthur DiAdamo, Peter DiAdamo and Joe Amodio failed to respond to the requests and on September 20, 2018, Plaintiff filed a motion to compel the discovery (Doc. 39).

(4) On November 5, 2018, I granted the motion and ordered Defendants Arthur DiAdamo, Peter DiAdamo and Joe Amodio to respond to Plaintiff's requests for production by November 20, 2018 (Doc. 48).

(5) Defendants Arthur DiAdamo, Peter DiAdamo and Joe Amodio failed to respond

by the deadline and on January 15, 2019, Plaintiff asked the Court to issue an Order to Show Cause against them (Doc. 53).

(6) On April 15, 2019, I denied the motion as it related to Arthur DiAdamo because he had entered into a settlement agreement with Plaintiff that I was told, would extinguish his obligations under the default judgment (Doc. 61).

(7) I granted the motion as it related to Peter DiAdamo and Joe Amodio and ordered them to show cause, by April 29, 2019, why they should not be held in contempt and sanctioned for failing to obey the Order compelling discovery (Id.).

(8) The Show Cause Order informed Peter DiAdamo and Joe Amodio that "[s]anctions may include without limitation, the taxation of attorney's fees and costs" as well as the issuance of writs of bodily attachment to procure their individual appearances before this Court (Id. at 2).

(9) On April 16, 2019, Plaintiff's counsel certified that on that day, he sent Defendants Peter DiAdamo and Joe Amodio each a copy of the Show Cause Order by regular mail and certified mail (Doc. 62).

(10) Defendants Peter DiAdamo and Joe Amodio have not responded to the Show Cause Order and the time within to do so has expired.

Because these Defendants have failed to obey the Order compelling discovery and the Show Cause Order, there is no reason to think another order issued by me, compelling compliance with my prior Orders would be obeyed. Therefore, I am filing this Report and Recommendation pursuant to § 636(e)(6)(B)(iii) which provides that in non-consent cases like this one, where an act constitutes civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a

> district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

One court explained that "'under the statute, the magistrate judge's certification of facts seems designed to serve the function of a charging instrument or pleading for a trial to be held before the district judge.'" <u>Wallace v. Kmart Corp.</u>, 687 F.3d 86, 90-91(3d Cir. 2012) (quoting <u>Taberer v. Armstrong World Indus., Inc.</u>, 954 F.2d 888, at 903 (3d Cir. 1992)). And,

> In addition to the difference in the procedure, we noted the different role the district judge plays in each of these situations. With respect to section 636(b)(1)(B), a district judge makes a de novo determination, while under section 636(e)(6), a district judge conducts a de novo hearing. *Taberer*, 954 F.2d at 904. That is, [a] de novo determination requires the district judge to "consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." In contrast, a de novo hearing entails a new proceeding at which the decision is based solely on the evidence freshly presented at the new proceeding. *Id.* (internal citations omitted) (quoting H.R.Rep. No. 94-1609, at 3 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6163 and citing *United States v. Raddatz*, 447 U.S. 667, 673-76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

<u>Id.</u> at 91; <u>see also</u> <u>Poser Inv., Inc. v. Ravin Hotels & Inv., LLC</u>, Case No. 6:13-mc-18-Orl-37TBS, 2018 WL 6620598, at *2 (M.D. Fla. Oct. 25, 2018); <u>Badger Auctioneers, Inc. v. Zaid Ali and My Fresh Market Corp.</u>, Case No. 6:16-cv-572-Orl-31TBS, 2018 WL 4193689, at *2 (M.D. Fla. July 20, 2018).

Now, I **RESPECTFULLY RECOMMEND** the Court issue an order compelling Peter DiAdamo nor Joe Amodio to appear in-person and show cause why they should not be held in contempt and sanctioned for the conduct described in this Report and

Recommendation. If Peter DiAdamo nor Joe Amodio fail to obey the Court's order then I recommend the issuance of writs of bodily attachment for execution by the United States Marshal. Once the bodies of Peter DiAdamo and Joe Amodio are attached, they should be brought before the Court to show cause why they should not be held in contempt and sanctioned for failing to obey the Order compelling discovery and the Show Cause Order.

I **FURTHER RECOMMEND** that to the extent permitted by FED. R. CIV. P. 37(a), Plaintiff be awarded its reasonable attorney's fees and costs incurred in connection with this matter

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on May 6, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties